(110 App. Div. 773.)

### DETVILLER v. ROLLED PLATE METAL CO. et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

1. NEGLIGENCE — INJURIES — DEFECTIVE PREMISES—ACTION — SUFFICIENCY OF COMPLAINT.

In an action for injuries received by plaintiff through falling down an unguarded elevator shaft, a complaint alleging that defendant was a tenant in possession of the second floor of the premises, but failing to aver that plaintiff met his accident on the second floor, did not state facts sufficient to constitute a cause of action.

Appeal from Special Term, Kings County.

Action by John Detviller against the Rolled Plate Metal Company and another. From a judgment overruling its demurrer to the complaint, defendant Rolled Plate Metal Company appeals. Reversed.

The complaint in the second paragraph alleges that the defendant Wagner owned the "premises" which are then described.

In the next numbered paragraph it alleges that the corporate defendant was a tenant in possession "of the second floor of the premises above mentioned," and that while plaintiff was "in said premises, in the act of delivering goods to" the said corporate defendant, he "fell into the elevator shaft in said premises," and down into the cellar, breaking his legs, and receiving other injuries.

It then alleges in the next two numbered paragraphs that the accident was caused by the negligence of the defendants and each of them, and alleges the negligence to be that the elevator and shaft were constructed without guards, that the approaches thereto were dark and unguarded, and that they were unprovided with trap doors "and other safety devices required by law and ordinances of the city of New York."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George P. Beebe, for appellant.
Francis B. Mullin, for respondent.

GAYNOR, J. I think the demurrer should have been sustained. The complaint alleges that the corporate defendant, which demurred, was a tenant "of the second floor of the premises above mentioned," the said premises being the whole building and lot, as described in the previous paragraph of the complaint. There is no allegation in the complaint that the plaintiff met his accident on the second floor, and that fact cannot be presumed. The liability of the owner, who

is the other defendant, may be for the whole building; of this tenant, only for his floor.

The judgment is reversed and the demurrer sustained, with leave to plead over.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs. All concur.